UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY LAWRENCE LAROCHE,

Movant,

v. 407CV054
402CR234
UNITED STATES,

Respondent.

## ORDER

In *Laroche v. U.S.*, 404CV013 (S.D.Ga), defendant Anthony L. Laroche received an out-of-time direct appeal pursuant to his 28 U.S.C. § 2255 motion. 402CR234, doc. ## 68 & 70. Yet, the Eleventh Circuit later affirmed his conviction and 120-month sentence, which is based on his guilty plea for unlawful possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Doc. ## 38-40; *U.S. v. LaRoche*, 170 Fed.Appx 124 (11th Cir. 2006).

LaRoche then timely filed his "first" § 2255 motion (*i.e.*, *Laroche* does not "count" because it went to his right to a direct appeal right, while this later § 2255 motion collaterally challenges that affirmed conviction). He styled it as a 28 U.S.C. § 2241 motion but the Magistrate Judge (MJ), over LaRoche's objection, properly recharacterized it as a § 2255 motion[1] after providing due notice under *Castro v. U.S.*, 540 U.S. 375, 383 (2003).[2] Doc.

---

[1] "A prisoner may resort to § 2241 only in extremely limited circumstances, such as when an intervening change in law has decriminalized the conduct underlying the petitioner's conviction. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002)." *Hernandez v. Federal Correctional Inst.*, 2008 WL 2397546 at * 12 E.D.Wis. 6/10/08) (unpublished).

[2] Understandably interpreting LaRoche's initial "petition" filing as a § 2241 petition, the Clerk styled the docket caption as *LaRoche v. Zenk*. That must now be

# 8 at 2. The MJ's Report and Recommendation (R&R), which this Court adopted, concluded that LaRoche's claims are (a) procedurally defaulted; and (b) without merit. *LaRoche v. U.S.*, 2008 WL 4222081 (S.D.Ga. 9/15/08) (unpublished).

On direct appeal, "Laroche assert[ed that] 18 U.S.C. § 922(j): (1) exceeds Congress' authority under the Commerce Clause as evidenced by its application to the facts of his case, and (2) was not a bona fide act of Congress since there is no enacting clause on the law's face." *Laroche*, 170 Fed.Appx. at 125. In his current § 2255 motion, he argues that:

(1) Congress violated his constitutional right under the Second Amendment to keep and bear arms;

(2) Congress violated his constitutional rights to due process and equal protection of the law by legislating and enforcing laws in direct violation of the Tenth Amendment;

(3) the sentencing court violated his Sixth Amendment rights as explained in the *Booker* decision; and

(4) the government attorneys denied him a fair appeal by tampering with and altering his Rule 11 and sentencing transcripts.

Doc. # 79 at 3 (footnote omitted).

All of these claims are either procedurally defaulted or without merit. *LaRoche*, 2008 WL 4222081 at * 1-3. Laroche has filed a Notice of Appeal (NOA) from this Court's judgment on that score. Doc. # 20. He also moves for

---

corrected, however, to *Laroche v. U.S.*, since that is the true nature of this proceeding.

"clarification" of the appellate filing fee (hence, to be excused from it). Doc. # 22. Finally, he impliedly moves for a Certificate of Appealability (COA). *See Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (NOA is treated as implied COA application). The Court will also treat his NOA as an implied motion for leave to proceed *in forma pauperis* (IFP).

To obtain a COA, a § 2255 movant must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but *also* that there is a substantial issue about the correctness of the procedural ground on which the motion was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C.A. § 2253(c)(2). *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007). To qualify for IFP status, he need not show he will prevail on appeal, only "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

LaRoche presents no appellate issues in his NOA. Doc. # 20. The Court has reviewed his R&R Objections, doc. # 14, and finds them to be frivolous. *See, e.g., id.* at 4 (he argues that his conviction is invalid because, after *District of Columbia v. Heller*, 128 S.Ct. 2783, 2822 (2008) (the Second Amendment prohibits a federal "ban on handgun possession in the home"), "ALL firearms laws created after 1791 to June 26th, 2008 was instantly invalidated - voided AB INITION [sic]").[3] The Court thus denies movant's COA/IFP motion. Doc. # 20.

Defendant also moves for clarification of the appellate filing fee. Doc. # 22 (contending that the Prison Litigation Reform Act (PLRA), which otherwise imposes filing fees on inmate civil suits, does not apply in habeas actions). There is no filing fee for *filing* a § 2255 motion, because it is a continuation of a criminal case. *U.S. v. Bazemore*, 929 F.Supp. 1567, 1568 (S.D.Ga. 1996) (PLRA does not apply to § 2255 motions). But there *is* still a fee to be paid for *appealing* a denied § 2255 motion, even though PLRA does not apply:

> [T]he Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), [which governs fees in prisoner civil actions], does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir.1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R.App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R.App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file

---

[3] Of course, LaRoche ignores *Heller*'s basic qualifier: *Id.* at 2799, 2816 ("Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose"); *see also U.S. v. Fincher*, 538 F.3d 868, 872 (8th Cir. 2008) (Defendant's possession of firearms was not reasonably related to a well regulated militia, and thus was not protected by the Second Amendment, where defendant was not a member of an organized state militia).

his motion to proceed in forma pauperis in the appellate court. *See* Fed. R.App. P. 24(a)(4)-(5).

*U.S. v. Ferguson*, 2008 WL 220261 at * 10 (W.D.Tenn. 1/25/08) (unpublished); *see also Gracia v. U.S.*, 2008 WL 2312366 at * 1 n. 2 (N.D.Tex. 5/29/08) (unpublished) (acknowledging appellate filing fee requirement in denied § 2255-motion case); *De Armas v. U.S.*, 2007 WL 4463988 at * 1 (M.D.Fla. 12/17/07) (same).

Laroche therefore is subject to the appellate filing fee requirement, so his "clarification" motion (he wants it clarified that he does not have to pay, so in effect he moves to be excused from paying), doc. # 22, is denied.

Accordingly, the Court ***DENIES*** Anthony L. Laroche's implied COA/IFP motion, doc. # 20, as well as his "fee" motion. Doc. # 22. The Clerk shall amend the caption as directed by n. 2 *supra*.

This __4__ day of November, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA